UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERTA DEUTCH and SUSAN MALAGE        *       CIVIL ACTION

versus                                 *       NO. 06-7198

BETH ANNE NAUGHER, a State Farm        *       SECTION "F"
agent, and XYZ INSURANCE COMPANY

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

The plaintiffs' home was damaged by Hurricane Katrina. Prior to the sale, they secured homeowners' and flood insurance through a State Farm agent, Beth Anne Naugher.  She sold the plaintiffs a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA. The record is unclear how long the plaintiffs had the policy before Hurricane Katrina struck.  They filed claims under their homeowner's and flood insurance policy, but State Farm refused to pay the claims, stating that the policy they purchased would not cover flood damage.

The plaintiffs sued Naugher and an unidentified insurer, requesting payment for damages to their home.  They accused Naugher of negligence in the procurement of insurance, including failing to

1

secure the flood insurance they requested and failing to advise them that excess flood insurance was a viable option. The plaintiffs alleged that the unnamed insurer is liable for the errors and omissions of its agent.

Naugher removed the case to this Court on October 3, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP. Alternatively, Naugher argues that this Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1).

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v.

St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006). The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved. See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This case is no different. Similar to the plaintiff's case in Landry,

> "[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

The plaintiffs state that they asked for a certain level of coverage and relied on the representations of the agent in procuring that coverage. While the record is not clear as to exactly when the plaintiffs bought the policy and how long the policy was in effect before Hurricane Katrina, this information is not required to assist the Court in determining that the issue here is clearly a procurement question. The defendant concedes that "this is a flood procurement claim against the agent." Therefore, under the precedent of this Court, this case is placed outside the

3

scope of federal preemption.

Likewise, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original jurisdiction for lawsuits filed as a result of Hurricane Katrina.  Unanimously, judges in this Court have agreed that it does not.  See, e.g., <u>Salvaggio v. Safeco Property & Cas. Ins. Co.</u>, 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); <u>Berry v. Allstate Ins. Co.</u>, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); <u>Flint v. La. Farm Bureau Mut. Ins. Co.</u>, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); <u>So. Athletic Club, LLC v. Hanover Ins. Co.</u>, No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); <u>Southall v. St. Paul Travelers Ins. Co.</u>, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, November 22, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE